UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------X
E.J.,

                            Plaintiff,

         -v-

UNITED STATES OF AMERICA,
WARDEN D.K. WILLIAMS, CARLOS
SANCHEZ, LIEUTENANT NORTH, and
JOHN DOES 1-3;

                          Defendants.
-------------------------------------------------------X

**COMPLAINT AND
DEMAND FOR A
JURY TRIAL**

Index No.

Plaintiff E.J.[1], by her attorneys, David. B. Rankin of Beldock Levine & Hoffman

LLP and Paul Thomas of Duffy Law LLC, as and for her complaint against the

defendants alleges as follows:

## PRELIMINARY STATEMENT

1.     This civil rights action seeks redress under the Federal Tort Claims Act and *Bivens*

*v. Six Unknown Named Agents of Federal Bureau of Narcotics* for injuries Plaintiff

suffered from the unconstitutional and unlawful conduct of Defendants, UNITED STATES

OF AMERICA, WARDEN D.K. WILLIAMS, and Federal Correctional Officers ("C.O.")

CARLOS SANCHEZ, LIEUTENANT NORTH, AND JOHN DOES 1-3.

2.     Plaintiff was a female prisoner held in the custody of the United States of

America at a Federal Correctional Institute in Danbury, CT ("FCI Danbury"). In July and

August of 2018, Plaintiff was sexually assaulted by Defendant C.O. CARLOS

SANCHEZ ("Sanchez") on two occasions.

---

[1] Plaintiff is proceeding under the initials "E.J." to protect her privacy as a sexual assault victim and because she fears that public disclosure of her identity could result in violence against her person in connection with this action or prior criminal matters. Plaintiff is prepared to file a motion to proceed under pseudonym at the Court's direction if so required.

1

3.     In the months prior to Plaintiff's assaults, specific sexual abuse allegations against Defendant Sanchez had been raised with FCI Danbury officials. Yet, no action was taken to separate Defendant Sanchez from the female inmate population nor to prevent his ongoing unsupervised contact with inmates in custody at FCI Danbury. Instead, he was assigned to a unit of the prison that housed an especially vulnerable population of women, including Plaintiff E.J., who were at a heightened risk of sexual victimization.

4.     Shortly after Plaintiff was assaulted by Defendant Sanchez for the second time, she reported the assaults to FCI Danbury staff and assisted the U.S. Department of Justice in its federal prosecution of Defendant Sanchez. On December 10, 2018, Sanchez pleaded guilty to one count of Sexual Abuse of a Ward.

5.     On December 31, 2018, Plaintiff was scheduled for release to a Residential Re-entry Center (a "halfway house") in Washington State. Prior to her departure, Plaintiff was stopped and searched by Defendants Lieutenant North ("North") and JOHN DOES 1-3, correctional officers who were colleagues of E.J.'s rapist, Defendant Sanchez.

6.     In retaliation for Plaintiff's reporting and assisting in the prosecution of Defendant Sanchez, Defendants North and JOHN DOES 1-3 canceled Plaintiff's transfer to the facility in Washington State and caused Plaintiff to receive a disciplinary infraction. As punishment, she was held at FCI Danbury without a hearing for 42 days.

7.     Plaintiff seeks redress for the extreme physical and emotional harm she suffered as a result of the conduct of all Defendants, and for the pain and suffering she continues to experience.

2

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this complaint under 28 U.S.C. §§ 1331, 1346(b), 28 U.S.C. §2671, et. seq., Federal Tort Claims Act, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972).

9.      In March of 2019, Plaintiff filed a claim under the Federal Tort Claims Act demanding damages of a set sum and has satisfied the jurisdictional prerequisites.

10.     By letter dated September 25, 2019, Plaintiff's claim was denied.

11.     Venue is properly within the District of Connecticut under 28 U.S.C. §1402(b) and 28 U.S.C. §1391(b)(2) as the acts and omissions that are the subject of this complaint occurred within this district.

## JURY TRIAL DEMAND

12.     Plaintiff demands a trial by jury on all issues in this action which are so triable.

## PARTIES

13.     At all times relevant herein, Plaintiff E.J. was a federal prisoner confined at FCI Danbury, located at Route 37, Danbury, CT, 06811, and within the District of Connecticut.

14.     At all times relevant herein, Plaintiff E.J. was under the custodial, supervisory, and disciplinary authority of all Defendants.

15.     At all times relevant herein, defendant C.O. Carlos Sanchez was employed by the Federal Bureau of Prisons of the United States Department of Justice as a correctional officer at FCI Danbury. His duties included exercising custodial, supervisory, and disciplinary authority over inmates assigned to the Female Satellite Low facility that is part of FCI Danbury.

3

16.    At all times relevant herein, Defendant Sanchez acted within the course and scope of his employment and under color of law. The Plaintiff is suing him in his individual capacity.

17.    At all times relevant herein, Defendant Warden D.K. Williams ("Williams") was employed by the Federal Bureau of Prisons of the United States Department of Justice as the warden of FCI Danbury. Defendant Williams was responsible for the inmates in custody at FCI Danbury, the supervision and discipline of all staff, and had ultimate authority over the FCI Danbury culture, custom, policies and procedures, including those concerning sexual abuse.

18.    At all times relevant herein Defendant Williams acted within the course and scope of her employment and under color of law. The Plaintiff is suing her in her individual capacity.

19.    At all times relevant herein, Defendant North was employed by the Federal Bureau of Prisons of the United States Department of Justice as a correctional officer at FCI Danbury. His duties included exercising custodial, supervisory, and disciplinary authority over inmates in custody at FCI Danbury.

20.    At all times relevant herein, Defendant North acted within the course and scope of his employment and under color of law. The Plaintiff is suing him in his individual capacitiy.

21.    At all times relevant herein, Defendants JOHN DOES 1-3 were employed by the Federal Bureau of Prisons of the United States Department of Justice as correctional officers at FCI Danbury. Their duties included exercising custodial, supervisory, and disciplinary authority over inmates in custody at FCI Danbury.

4

22.     At all times relevant herein, Defendants JOHN DOES 1-3 acted within the course and scope of their employment and under color of law. The Plaintiff is suing them in their individual capacities.

23.     At all times relevant herein, Defendant United States of America owned and operated the correctional facility FCI Danbury in the State of Connecticut and is the appropriate Defendant under the Federal Torts Claim Act ("FTCA").

## FACTUAL ALLEGATIONS

### *History of Officer–On–Inmate Sexual Abuse at FCI Danbury*

24.     FCI Danbury has a long history of incidents involving officer-on-inmate sexual abuse. In 2002, FCI Danbury C.O. Anthony Tortorella pleaded guilty to having unlawful sexual relations with multiple female inmates over the span of four years.

25.     In 2003, FCI Danbury C.O. Ricardo Vasquez pleaded guilty to sexually abusing four female inmates over a period of five years.

26.     Congress passed the Prison Rape Elimination Act ("PREA") in 2003, which put in place mandatory guidelines and reporting requirements to help lower the incidents of sexual violence in prisons and to make corrections facilities more accountable for their occurrence.

27.     Despite the heightened requirements PREA placed on FCI Danbury, incidents of officer-on-inmate sexual abuse at the prison continued.

28.     Between 2001 and 2008, the Officer of the Inspector General ("OIG") found that Danbury had the fifth most reported incidents of officer-on-inmate sexual abuse of all 115 correctional institutions managed by the Federal Bureau of Prisons ("BOP").

29. In 2008, FCI Danbury C.O. Michael Rudkin pleaded guilty to having sexual contact with a female prisoner in exchange for candy, cigarettes, and alcohol.

30. In 2009, the OIG found that investigative personnel at FCI Danbury had not been reporting all allegations of officer-on-inmate sexual abuse to Federal Bureau of Prisons ("BOP") Office of Internal Affairs and the OIG as required by PREA.

31. PREA requires administrative or criminal investigations to be completed on all allegations of sexual abuse/ harassment. Administrative investigations are conducted by investigators who are full-time employees of FCI Danbury.

32. PREA also requires that all victims of sexual abuse be offered access to forensic medical examinations by either a sexual assault forensic examiner ("SAFE") or a sexual assault nurse examiner ("SANE").

33. Between May 2016 and May 2017, there were four documented inmate allegations of staff-on-inmate abuse or sexual harassment. None of the allegations were referred for forensic evidence collection, and all allegations were referred for administrative investigation only. None were referred for criminal investigation.

34. The number of allegations of staff-on-inmate abuse in 2017 was the same as or higher than the annual number of allegations in 2003-2007.

35. All FCI Danbury staff were aware of BOP's official zero-tolerance policy under PREA and of their responsibilities to protect inmates from sexual abuse and sexual harassment. Yet, prison officials, including but not limited to Defendants, failed to act to prevent continued nonconsensual sexual contact or take reasonable immediate measures to protect prisoners from said contact.

36. Defendant Sanchez used his position of power at FCI Danbury to prey upon Plaintiff and other women and was the subject of complaints concerning sexual advances and harassment.

37. Defendant the United States of America, through its employees and agents at BOP, including but not limited to Defendant Williams, failed to take reasonable and necessary action to address reports of incidents of officer-on-inmate sexual abuse, which directly gave rise to the sexual assault of Plaintiff.

### *Sexual Predation of Defendant Carlos Sanchez*

38. In 2018, Defendant Sanchez was employed as a correctional officer at FCI Danbury's low-security satellite prison ("FSL").

39. Women at FSL were part of a residential therapeutic community called the Female Integrated Treatment Program ("FIT"). FIT provided intensive treatment for women in need of mental health, substance use, and trauma treatment.

40. FCI Danbury staff, including Defendant Sanchez, were aware that many of the female inmates who participated in FIT, including Plaintiff E.J., were especially vulnerable to sexual exploitation and prison sexual misconduct due to their histories of physical and sexual trauma.

41. Upon information and belief, Defendant Sanchez had been reassigned to FSL after being removed from FCI Danbury's minimum-security satellite camp ("the Camp") for having inappropriate contact with a female inmate.

42. While at FSL, Defendant Sanchez regularly walked through the facility at night inappropriately monitoring the female inmates. He had a practice of holding his keys so that they would not make a sound and alert the inmates to his presence.

7

43. Upon information and belief, at some point prior to the assaults on Plaintiff in July and August of 2018, Defendant Sanchez had sexual interactions with female inmate "V.G." while at FSL.

44. Upon information and belief, at some point prior to July of 2018, Defendant Sanchez sexually harassed female inmate "L.T." in his office at FSL.

45. Upon information and belief, at some point prior to July of 2018, Defendant Sanchez failed to report two female inmates, "G.H." and "Jane Doe," when he discovered them having sex, and instead made inappropriate sexual remarks and advances.

46. Upon information and belief, at some point prior to July of 2018, at least two other female inmates had reported Defendant Sanchez for inappropriate sexual conduct.

47. Upon information and belief, at some point prior to July of 2018, female inmate "C.G." filed a written report to a Lieutenant and supervising psychologist at FSL expressing concern that Defendant Sanchez was a sexual predator.

48. Despite Defendant Sanchez's pattern of sexual misconduct and the reports made by inmates to prison staff, no action was taken to separate Defendant Sanchez from the vulnerable female inmate population at FSL or to prevent his ongoing unsupervised contact with inmates entrusted to the custody and care of the BOP.

### *Sexual Assaults of Plaintiff in July and August 2018*

49. In 2018, Plaintiff E.J. was participating in the FIT program while housed at FSL.

50. Prison records kept by FSL staff show that Plaintiff had a history of mental illness, including diagnoses of Post-traumatic Stress Disorder, Major Depressive Disorder, Obsessive Compulsive Disorder, and Bulimia Nervosa.

8

51.    These records also show that Plaintiff struggled with drug and alcohol addiction and had a long history of prior sexual victimization that began in childhood.

52.    When Plaintiff first arrived at FSL in January of 2018, she was assessed for risk of sexual victimization. The above facts were all identified in her assessment as risk factors that made her risk of sexual victimization higher than average.

53.    On the night of July 27th-28th, 2018, Defendant Sanchez took Plaintiff E.J. to a secluded area in FSL that was utilized for laundry and sexually assaulted her.

54.    On the night of August 1st-2nd, 2018, Defendant Sanchez took Plaintiff to a different secluded area of the facility and sexually assaulted her for a second time.

55.    On August 8th, a psychologist in the FIT program overheard Plaintiff talking on the phone about the assaults and asked Plaintiff to speak with her about it.

56.    Plaintiff was hesitant to disclose what had happened to her because she feared retaliation. But, she ultimately reported Defendant Sanchez's conduct to the prison psychologist, and the Office of the Inspector General began investigating the incident.

### *Federal Prosecution of Defendant Sanchez*

57.    Between August and December of 2018, Plaintiff assisted federal agents and prosecutors in their investigations which ultimately led to criminal charges being filed against Defendant Sanchez.

58.    On December 10, 2018 Defendant Sanchez pleaded guilty to one count of sexual abuse in connection with the assault of Plaintiff.

59.    On April 29, 2019, Defendant Sanchez was sentenced to 10 months incarceration and 5 months supervised release.

*Plaintiff's Retaliatory Confinement*

60.    On August 9, 2018, one day after she reported Defendant Sanchez, Plaintiff expressed to one of her mental health clinicians that she was fearful of the possible retaliation she might face for making the report.

61.    Between August 20th and 22nd, 2018, Plaintiff filed a formal grievance with FCI Danbury and a request for administrative remedy with the Federal Bureau of Prisons. She expressed her fear that in retaliation for reporting Defendant Sanchez, she would be transferred or lose the "time off" she had earned, and that her scheduled release date to a Residential Re-entry Center (a "halfway house") would be pushed back. Plaintiff was not transferred out of the FIT program, and her scheduled release date of December 31, 2018 remained unchanged.

62.    On December 31, Plaintiff was preparing to depart FSL to travel to a halfway house in Washington State. Plaintiff would be living under less restrictive conditions in the halfway house than she had been at FSL.

63.    Prior to her departure, Plaintiff was stopped and searched by Defendants JOHN DOES 1-3, correctional officers who were colleagues of E.J.'s rapist, Defendant Sanchez.

64.    Defendants JOHN DOES 1-3 then called in supervising officers, including Defendant North, who canceled Plaintiff's transfer to the facility in Washington State and caused Plaintiff to receive a disciplinary infraction. As punishment, Plaintiff was held at FCI Danbury without a hearing for approximately 42 days.

65.    Between December 31, 2018 and February 11, 2019, Plaintiff was verbally harassed and repeatedly told by FSL inmates that her treatment was retaliation for her reporting Defendant Sanchez and his resulting criminal prosecution.

10

66. On February 8, 2019, Plaintiff's attorney contacted BOP expressing concern about Plaintiff's lack of a hearing date and that retaliatory action had been taken against her.

67. Plaintiff was then given a hearing on February 11, 2019.

68. As a result of being held in custody by associates of her rapist, receiving verbal threats, and otherwise being denied due process, Plaintiff suffered a deprivation of liberty and severe emotional harm.

**FIRST CAUSE OF ACTION**
**Assault**
**Connecticut Common Law/ Federal Tort Claims Act**
*(against Defendant Sanchez/ The United States of America)*

69. Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

70. Defendant Sanchez intentionally subjected Plaintiff to nonconsensual physical contact that placed Plaintiff in apprehension of imminent physical harm.

71. As a result of Defendant Sanchez's conduct, Plaintiff suffered extreme emotional and physical harm.

72. Defendant Sanchez's actions were wrongful as a tort under the laws of the State of Connecticut, and the law of the United States of America through the Federal Tort Claims Act, and without justification under any applicable federal statute or rule.

73. Plaintiff is entitled to relief against Defendant United States of America because Defendant Sanchez sexually assaulted her under the color of law and as an agent, servant, and employee of Defendant United States of America, acting within the course and scope of his employment, and under the supervision of United States employee, Defendant Warden Williams.

11

## SECOND CAUSE OF ACTION
### Battery
### Connecticut Common Law/ Federal Tort Claims Act
*(against Defendant Sanchez/ The United States of America)*

74.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

75.    Defendant Sanchez intentionally subjected Plaintiff to nonconsensual physical contact by the conduct of sexually assaulting E.J., and this contact was offensive.

76.    As a result of Defendant Sanchez's conduct, Plaintiff suffered extreme emotional harm, anguish, insecurity, self-revulsion, embarrassment, humiliation, damage to her self-esteem and self-worth, fear, loss of enjoyment of life, lost liberty, and was otherwise damaged and injured.

77.    Defendant Sanchez's actions were wrongful as a tort under the laws of the State of Connecticut, and the law of the United States of America through the Federal Tort Claims Act, and without justification under any applicable federal statute or rule.

78.    Plaintiff is entitled to relief against Defendant United States of America because Defendant Sanchez sexually battered her under the color of law and as an agent, servant, and employee of Defendant United States of America, acting within the course and scope of his employment, and under the supervision of United States employee, Defendant Warden Williams.

## THIRD CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### Connecticut Common Law/ Federal Tort Claims Act
*(against Defendant Sanchez/ The United States of America)*

79.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

12

80.     When Defendant Sanchez sexually assaulted Plaintiff, he created an unreasonable risk of causing her severe emotional distress.

81.     The type of severe emotional distress Defendant Sanchez caused Plaintiff to suffer was foreseeable.

82.     Defendant Sanchez's conduct caused Plaintiff to suffer severe emotional distress and bodily injury, anguish, insecurity, self-revulsion, embarrassment, humiliation, damage to her self-esteem and self-worth, fear, and loss of enjoyment of life.

83.     Defendant Sanchez's actions were wrongful as a tort under the laws of the State of Connecticut, and the law of the United States of America through the Federal Tort Claims Act, and without justification under any applicable federal statute or rule.

84.     Plaintiff is entitled to relief against Defendant United States of America because when Defendant Sanchez negligently caused Plaintiff to suffer extreme emotional distress, he was acting under the color of law and as an agent, servant, and employee of Defendant United States of America, acting within the course and scope of his employment, and under the supervision of United States employee, FCI Danbury Warden Defendant Williams.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Connecticut Common Law/ Federal Tort Claims Act
### (*against Defendant Sanchez/ The United States of America*)

85.     Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

86.     By intentionally subjecting Plaintiff to nonconsensual physical contact and sexual assault, Defendant Sanchez engaged in extreme and outrageous conduct.

87.     Defendant Sanchez intended to inflict emotional distress, or he knew or should have known that severe emotional distress was the likely result of his conduct.

88.    As a result of Defendant Sanchez's conduct, Plaintiff suffered severe and lasting emotional distress, loss of enjoyment of life, lost liberty, and was otherwise damaged and injured.

89.    Defendant Sanchez's actions were wrongful as a tort under the laws of the State of Connecticut, and the law of the United States of America through the Federal Tort Claims Act, and without justification under any applicable federal statute or rule.

90.    Plaintiff is entitled to relief against Defendant United States of America because when Defendant Sanchez intentionally caused Plaintiff to suffer severe emotional distress, he was acting under the color of law and as an agent, servant, and employee of Defendant United States of America, acting within the course and scope of his employment, and under the supervision of United States employee, Defendant Warden Williams.

## FIFTH CAUSE OF ACTION
### Negligent Hiring, Retention, and Supervision
### Federal Tort Claims Act
### (*against the United States of America*)

91.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

92.    Defendant United States of America, having a legal duty to Plaintiff as a prisoner in its care and custody, breached that duty in negligently operating and managing FCI Danbury by, *inter alia*:

a.    Hiring and retaining Defendant Sanchez who is and was known or should have been known to Defendant to be of such poor moral character, temperament, and disposition as to be totally unfit to be hired and retained as a correctional officer and placed in charge of Plaintiff.

14

b. Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures for the operation and management of FCI Danbury as would reasonably protect Plaintiff and others detained or incarcerated from unwarranted sexual contact from FCI Danbury employees, including Defendant Sanchez.

c. Failing to properly supervise, investigate, and review the operation and management of the correctional facility and the activities and performance of Defendant Sanchez as an employee.

d. Failing to properly investigate allegations of sexual abuse brought against Defendant Sanchez and otherwise failing to discipline him or institute safeguards to prevent unsupervised contact with female inmates.

e. Failing in the course of its investigation of known sexual misconduct by employees at FCI Danbury to take immediate protections to prevent the ongoing violation of prisoners, including Plaintiff.

93.    The aforementioned acts committed against Plaintiff by Defendant Sanchez were a direct result of the negligence, carelessness, and recklessness of Defendant United States of America, its agents, servants and employees, in failing to meet its duty of care to Plaintiff in its screening, hiring, training, supervising, evaluating and retaining of Defendant Sanchez and other FCI Danbury employees.

94.    As a result of the negligence of Defendant United States of America, its agents, servants and employees, as aforesaid, Plaintiff has suffered extreme emotional harm, physical injury, loss of enjoyment of life, and lost liberty.

## SIXTH CAUSE OF ACTION
**Violation of Plaintiff's Right to be Free from Cruel and Unusual Punishment
Eighth Amendment, *Bivens*
(*against Defendants Sanchez and Williams*)**

15

95.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

96.    Defendant Sanchez's intentional sexual assaults on Plaintiff E.J. posed a substantial risk of serious harm and caused her to suffer extreme emotional harm and physical injury in violation of her Eighth Amendment rights. Sexual assault serves no penological purpose as it is not a lawful penalty for criminal offenders in the custody of the United States Government.

97.    Placing Defendant Sanchez in charge of the care and custody of a vulnerable population of women who were at a heightened risk of sexual victimization, including Plaintiff, posed a substantial risk of serious harm to Plaintiff and the other female inmates. Defendant Warden Williams was aware of this risk and deliberately chose to ignore it.

98.    As a result of the Defendants' conduct, Plaintiff suffered extreme emotional harm, physical injury, and loss of enjoyment of life.

99.    The conduct of both Defendants was accomplished under color of law and deprived Plaintiff of rights, privileges, or immunities secured by the Eighth Amendment to the U.S. Constitution.

## SEVENTH CAUSE OF ACTION
### False Imprisonment
### Connecticut Common Law/ Federal Tort Claims Act
### (against Defendants North and JOHN DOES 1-3/ The United States of America)

100.    Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

16

101.    When Defendants North and JOHN DOES 1-3 detained and sanctioned Plaintiff in retaliation for her reporting and assisting in the prosecution of their colleague, Defendant Sanchez, they used their positions of power to exercise force over Plaintiff E.J.

102.    Defendants North and JOHN DOES 1-3 exercised this force for the purpose of unlawfully confining Plaintiff.

103.    The conduct of Defendants North and JOHN DOES 1-3 caused Plaintiff E.J. to be deprived of her physical liberty for a period of 42 days.

104.    The actions of Defendants North and JOHN DOES 1-3 were wrongful as a tort under the laws of the State of Connecticut, and the law of the United States of America through the Federal Tort Claims Act, and without justification under any applicable federal statute or rule.

105.    Plaintiff is entitled to relief against Defendant United States of America because when Defendants North and JOHN DOES 1-3 falsely imprisoned Plaintiff, they were acting under the color of law and as agents, servants, and employees of Defendant United States of America, acting within the course and scope of their employment, and under the supervision of United States employee, FCI Danbury Warden Defendant Williams.

**EIGHTH CAUSE OF ACTION**
**Negligent Infliction of Emotional Distress**
**Connecticut Common Law/ Federal Tort Claims Act**
*(against Defendants North and JOHN DOES 1-3/ The United States of America)*

106.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

107.    When Defendants North and JOHN DOES 1-3 detained and sanctioned Plaintiff E.J. in retaliation for her reporting and assisting in the prosecution of their colleague,

17

Defendant Sanchez, they created an unreasonable risk of causing her severe emotional distress.

108.    The type of severe emotional distress Defendants North and JOHN DOES 1-3 caused Plaintiff to suffer was foreseeable.

109.    The conduct of Defendants North and JOHN DOES 1-3 caused Plaintiff to suffer severe emotional distress and bodily injury, fear, loss of enjoyment of life, and lost liberty.

110.    The actions of Defendants North and JOHN DOES 1-3 were wrongful as a tort under the laws of the State of Connecticut, and the law of the United States of America through the Federal Tort Claims Act, and without justification under any applicable federal statute or rule.

111.    Plaintiff is entitled to relief against Defendant United States of America because when Defendants North and JOHN DOES 1-3 negligently caused Plaintiff to suffer extreme emotional distress, they were acting under the color of law and as agents, servants, and employees of Defendant United States of America, acting within the course and scope of their employment, and under the supervision of United States employee, FCI Danbury Warden Defendant Williams.

## NINTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Connecticut Common Law/ Federal Tort Claims Act
#### (against Defendants North and JOHN DOES 1-3/ The United States of America)

112.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

113.    By intentionally detaining Plaintiff E.J. in retaliation for reporting the sexual misconduct of their colleague, Defendant Sanchez, Defendants North and JOHN DOES 1-3 engaged in extreme and outrageous conduct and psychologically damaging tactics, which

18

deprived Plaintiff of her liberty for an extended period of time and caused her severe emotional distress throughout her incarceration at FCI Danbury and after.

114. Defendants North and JOHN DOES 1-3 intended to cause Plaintiff emotional distress, or they knew or should have known that severe emotional distress was the likely result of their conduct.

115. The actions of Defendants North and JOHN DOES 1-3 were wrongful as a tort under the laws of the State of Connecticut, and the law of the United States of America through the Federal Tort Claims Act, and without justification under any applicable federal statute or rule.

116. Plaintiff is entitled to relief against Defendant United States of America because when Defendants North and JOHN DOES 1-3 detained her in retaliation for reporting Defendant Sanchez's sexual misconduct, they were acting under the color of law and as agents, servants, and employees of Defendant United States of America, acting within the course and scope of their employment, and under the supervision of United States employee, Defendant Warden Williams.

**TENTH CAUSE OF ACTION**
**Negligent Hiring, Retention, and Supervision**
**Federal Tort Claims Act**
**(*against the United States of America*)**

117. Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

118. Defendant United States of America, having a legal duty to Plaintiff as a prisoner in its care and custody, breached that duty in negligently operating and managing FCI Danbury by, *inter alia*:

19

a. Hiring and retaining Defendants North and JOHN DOES who are and were known or should have been known to Defendant to be of such poor moral character, temperament, and disposition as to be totally unfit to be hired and retained as correctional officers and placed in charge of Plaintiff.

b. Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures for the operation and management of FCI Danbury as would reasonably protect Plaintiff and others detained or incarcerated from retaliatory behavior in response to reporting staff sexual abuse, and from being confined for an extended period of time without a hearing.

c. Failing to properly supervise, investigate, and review the operation and management of the correctional facility and the activities and performance of Defendants North and JOHN DOES as employees.

d. Failing to discipline Defendants North and JOHN DOES or institute safeguards to prevent retaliatory behavior and prevent Plaintiff and other female inmates from being confined for an extended period of time without a hearing.

119. The aforementioned acts committed against Plaintiff by Defendants North and JOHN DOES 1-3 were a direct result of the negligence, carelessness, and recklessness of Defendant United States of America, its agents, servants and employees, in failing to meet its duty of care to Plaintiff in its screening, hiring, training, supervising, evaluating and retaining of Defendants North and JOHN DOES 1-3 and other FCI Danbury employees.

120. As a result of the negligence of Defendant United States of America, its agents, servants and employees, as aforesaid, Plaintiff has suffered extreme emotional harm, physical injury, loss of enjoyment of life, and lost liberty.

20

### ELEVENTH CAUSE OF ACTION
### Violation of Plaintiff's Due Process Rights
### Fifth Amendment, *Bivens*
### (*against Defendants Williams, North, and JOHN DOES 1-3*)

121.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

122.    Defendants North and JOHN DOES 1-3 detained and initiated a disciplinary proceeding against Plaintiff E.J. in retaliation for her reporting and assisting in the prosecution of their colleague, Defendant Sanchez.

123.    Plaintiff was entitled to a hearing before being detained for an extended period of time.

124.    As a result of the conduct of Defendants North and JOHN DOES 1-3 and Defendant William's failure to supervise and ensure Plaintiff was given a hearing, Plaintiff was detained without a hearing for 42 days.

125.    The conduct of Defendants was accomplished under color of law and deprived Plaintiff of her right to due process secured by the Fifth Amendment to the U.S. Constitution.

### REQUESTS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

a. Assume jurisdiction over this matter;

b. Award compensatory damages to Plaintiff;

c. Award punitive damages to Plaintiff;

d. Convene and empanel a jury to consider the merits of this claim;

e. Award Plaintiff reasonable costs and interest; and

f. Grant any other relief that the Court may deem appropriate and equitable.

Dated:  March 16, 2020
           New Haven, Connecticut

.

                                        Respectfully Submitted,

                                        DUFFY LAW, LLC
                                        129 Church Street, Ste. 310
                                        New Haven, CT 06510
                                        t: 203-806-9336
                                        e: paul@duffylawct.com
                                        *Attorney for Plaintiff*

                              By:____/s/_____
                                        Paul Thomas, ct01724

                                        BELDOCK LEVINE & HOFFMAN, LLP
                                        99 Park Avenue, PH/26th Floor
                                        New York, New York 10016
                                        t: 212-277-5825
                                        e: drankin@blhny.com
                                        *Attorney for Plaintiff*

                              By:_____
                                        David B. Rankin

22